# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| NIKISHA O. UNDERWOOD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:17-CV-24-MSH |
| | : | Social Security Appeal |
| NANCY A. BERRYHILL, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's (ALJ's) determination, denied Plaintiff's application for Supplemental Security Income (SSI) finding that she is not disabled within the meaning of the Social Security Act and Regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards

were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam). "Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (internal quotation marks omitted). The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The Plaintiff bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). The Plaintiff's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

*Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981).[2] A Plaintiff seeking Social Security disability benefits must demonstrate that she suffers from an impairment that prevents her from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a Plaintiff must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. § 404.1 *et seq*.

Under the Regulations, the Commissioner uses a five-step procedure to determine if a Plaintiff is disabled. *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4). First, the Commissioner determines whether the Plaintiff is working. *Id.* If not, the Commissioner determines whether the Plaintiff has an impairment which prevents the performance of basic work activities. *Id.* Second, the Commissioner determines the severity of the Plaintiff's impairment or combination of impairments. *Id.* Third, the Commissioner determines whether the Plaintiff's severe impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the Regulations (the "Listing"). *Id.* Fourth, the Commissioner determines whether the Plaintiff's residual functional capacity can meet the physical and mental demands of past work. *Id.* Fifth and finally, the Commissioner determines whether the Plaintiff's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

Plaintiff Nikisha Underwood applied for supplemental security income (SSI) on July 3, 2013, alleging that she became disabled to work on June 8, 2012. She previously filed an application for benefits on October 13, 2010, but was denied on January 7, 2011. Plaintiff's current claim was initially denied on December 12, 2013, and denied after reconsideration on February 12, 2014. She requested an evidentiary hearing before an administrative law judge (ALJ) on March 5, 2014. A hearing was held on September 23, 2015. Plaintiff appeared at the hearing with her attorney and testified, as did an impartial vocational expert (VE). Tr. 19. On November 30, 2015, the ALJ issued an unfavorable decision denying Plaintiff's claim. Tr. 16-34. Plaintiff sought review by the Appeals Council on December 11, 2015, but was denied on November 25, 2016. Tr. 14-15, 1-6. Plaintiff has exhausted the available administrative remedies under the Social Security Act and seeks judicial review of the Commissioner's final decision denying her application for SSI benefits.

## STATEMENT OF FACTS AND EVIDENCE

Plaintiff was thirty-three years old when she filed her current application for benefits. She has a tenth grade education and previously worked as a kitchen helper. Tr. 67, 75, 220. To evaluate Plaintiff's claim, the ALJ conducted the five-step sequential analysis set

forth in the Commissioner's regulations. At step two the ALJ found that Plaintiff has the severe impairments of degenerative disc disease, joint disease in the right knee, and adjustment disorder. Finding 2, Tr. 21-22. At step three, she decided that Plaintiff's impairments, considered both alone and in conjunction with one another, neither meet nor medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 3, Tr. 22-24. Between steps three and four, the ALJ formulated a residual functional capacity assessment (RFC) which permits Plaintiff to engage in medium work while restricted to manipulating fifty pounds occasionally and twenty-five pounds frequently, walking, sitting, and standing for six hour durations, and working with only simple instructions and work-related decisions. Finding 4, Tr. 24-27. Because the ALJ found that Plaintiff has no past relevant work at step four, she proceeded to step five and relied on the VE's testimony that Plaintiff can work within her restricted RFC as a hand packager, production helper, and dining room attendant and such jobs are available—in significant numbers—in the national economy. Finding 8, Tr. 28. The ALJ therefore found Plaintiff to be not disabled to work. Findings 9, 10, Tr. 28-29.

## DISCUSSION

### I. The ALJ's Consideration of the Evidence

Plaintiff contends that the ALJ failed to correctly weigh the evidence. Pl.'s Br. 1. Specifically, she claims the ALJ erred by giving considerable weight to the opinions of two state agency reviewing physicians. *Id.* at 16. Drs. Ruiz and Corcoran reviewed Plaintiff's medical records and determined she is capable of medium work with added limitations. Exs. B2A, B4A, Tr. 27. The ALJ found that these opinions were consistent with the record

5

as a whole. Tr. 27. Because the ALJ determined that the opinions of the reviewing physicians are consistent with the medical evidence, it was not error to assign them greater weight. State agency consultants may be afforded great weight if their opinions are supported by the record. *Edwards v. Sullivan,* 937 F.2d 580, 584 (11th Cir. 1991); *Brown v. Comm'r of Soc. Sec.,* 442 F. App'x 507 (11th Cir. 2011).

Plaintiff also asserts that the ALJ should have given more weight to a one-time examining consultant, Dr. Turner-Campbell. Pl.'s Br. 17. The ALJ gave Dr. Turner-Campbell's opinion little weight, finding it to be contradicted by Plaintiff's activities of daily living. Tr. 27. The opinion of a one-time examiner is not entitled to deference. *McSwain v. Bowen,* 814 F.2d 617, 619 (11th Cir. 1987). Further, the ALJ may consider a claimant's daily activities in deciding what weight to assign to an examiner's findings. *Poellnitz v. Astrue,* 349 F. App'x 500, 503 (11th Cir. 2009). Here, the ALJ explained her reasons for affording Dr. Turner Campbell's opinion little weight and they are valid. Tr. 27 ("[H]er opinion is not fully consistent with the record."). Thus, the ALJ did not err.

Plaintiff further claims that more weight should have been given to the statements of her mother. Pl.'s Br. 18. The ALJ discussed Plaintiff's mother's statements but noted she was a layman and not a disinterested third-party, and found her statements to be contradicted by the medical evidence. Tr. 27. The ALJ committed no error in considering this non-medical evidence. Therefore, Plaintiff's first argument has no merit.

## II. The ALJ's RFC Formulation

Plaintiff also argues that the ALJ failed to account for all of her limitations in formulating her RFC. Pl.'s Br. 1. Specifically, she asserts that her limited intellectual and

6

mental capacities were not accounted for in the RFC. *Id.* at 19. The ALJ did err in finding that Plaintiff completed high school. Finding 7, Tr. 28. However, the error is harmless and did not prejudice Plaintiff because the hypothetical questions posed to the VE were not premised on Plaintiff having a high school education. Tr. 68-69. *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 (11th Cir. 2013).

Further, the ALJ properly conducted the psychiatric review technique mandated by the Commissioner's regulations in her step-three analysis. 20 C.F.R. § 404.1520a-(a). The ALJ addressed Plaintiff's mental limitations, found them credible, made specific findings as to each of the four functional areas described in the regulations, and incorporated those findings into the balance of the sequential evaluation process. Therefore, the ALJ properly considered and evaluated these limitations. 20 C.F.R. § 404.1520a-(c)(3-4); *Syed v. Comm'r of Soc. Sec.*, 441 F. App'x 632 (11th Cir. 2011). Having found Plaintiff to have an adjustment disorder at step two, the ALJ included restrictions to simple work-related decisions and simple instructions in her hypotheticals posed to the VE. Tr. 68. Plaintiff has the burden of proving that she cannot do the jobs the VE identified in response. She has failed to do so. *Williams v. Barnhart,* 140 F. App'x 932, 937 (11th Cir. 2005). Thus, Plaintiff's second asserted error is also without merit.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is affirmed.

SO ORDERED, this 6th day of December, 2017.

<u>/s/ Stephen Hyles</u><br>
UNITED STATES MAGISTRATE JUDGE